UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

    MICHAEL J. CANAPE,                                  Case No. 20-10303

                                                                         Chapter 7
                                         Debtor.

_____

DANIEL SAMP, SAMP INSURANCE
AGENCY, INC. and PURPOSE                           Adv. P. No. 22-90003
INSURANCE AGENCY, INC.,

                                          Plaintiffs,

-v-

    MICHAEL J. CANAPE,

                                          Defendant.
_____

APPEARANCES:

John David Wright, Esq.
Bartlett, Pontiff, Stewart & Rhodes, PC
*Attorney for the Plaintiffs*
PO Box 2168
1 Washington Street
Glens Falls, New York 12801

Christian H. Dribusch, Esq.
The Dribusch Law Firm
*Attorney for the Debtor*
187 Wolf Road, Suite 300-20
Albany, New York 12205

Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM DECISION & ORDER**

Currently before the Court is an adversary proceeding filed by Daniel Samp, Purpose Insurance Agency, Inc. and Samp Insurance Agency, Inc. (collectively, "Samp" or the "Plaintiffs") objecting to the discharge of Michael J. Canape (the "Debtor" or the "Defendant") in the

-1-

underlying bankruptcy proceeding.[1] The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[2]

**FACTS**

On March 22, 2022, the Court authorized the Plaintiffs to initiate this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 4004(b)(2). (ECF No. 136). Familiarity with that decision is presumed. However, the Court will briefly summarize the pertinent facts for the present matter. On February 25, 2020, Canape filed a voluntary Chapter 7 petition. (ECF No. 1). Paul A. Levine, Esq. was appointed Chapter 7 Trustee ("Trustee"). (ECF No. 5). The deadline for objecting to the Defendant's discharge was June 1, 2020. *Id*.

On March 3, 2020, Samp filed a motion for a 2004 examination of the Debtor and also requested the time to object to Debtor's discharge be extended. (ECF No. 22). This motion was scheduled, on default, for April 22, 2020. (ECF No. 21). No opposition to the motion was interposed. However, the Plaintiffs "never filed an order allowing the extension. Thus, the original bar date was never enlarged." (ECF No. 136 at 2).

On April 30, 2020, the Trustee filed a Notice of Assets & Request to Notice Creditors. (ECF No. 32). The last date for filing a proof of claim was set at July 30, 2020. Samp filed a claim on May 4, 2020, in the amount of $1,728,956.68. (POC No. 1-1).

On June 1, 2020, the Trustee and the United States Trustee ("UST") filed a combined motion to extend time to object to the Debtor's discharge. (ECF No. 37). The motion was granted

---

[1] Citations to the docket of the bankruptcy proceeding (Case No. 20-10303) will be referenced as "(ECF No. #);" citations to the docket of the adversary proceeding (Case No. 22-90003) will be referenced as "(AP No. #)."

[2] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2024) ("Bankruptcy Code").

by order dated July 22, 2020. (ECF No. 63). The order granting the extension of time specifically referenced only the UST and Trustee and extended the deadline to October 31, 2020. *Id*. On October 27, 2020, the Debtor, the UST and the Trustee agreed to a further extension of time to object to discharge to December 31, 2020. (ECF No. 91). On December 30, 2020, the Debtor, the UST and the Trustee agreed to a final extension of time to object to discharge to February 24, 2021. (ECF No. 96). Neither the Trustee nor the UST filed an objection to discharge.

On February 24, 2021, the Plaintiffs filed a third-party complaint in the bankruptcy case. (ECF No. 107). On March 1, 2021, Samp withdrew the complaint. (ECF No. 109). On February 25, 2021, Samp initiated adversary proceeding number 21-90001. (ECF No. 108). This adversary proceeding was dismissed as untimely.[3] *See* Adv. P. No. 21-90001.

On March 17, 2021, the Plaintiffs filed a Motion to Extend Time to Object to Discharge ("Motion to Extend Time"). (ECF No. 110). The Plaintiffs argued new evidence came to light after the objection to discharge deadline expired. The Motion to Extend Time was amended on April 14, 2021, with opposition to same submitted by the Defendant on May 5, 2021. (ECF Nos. 114–15).

As previously noted, on March 22, 2022, the Court entered a memorandum decision and order granting the Motion to Extend Time, permitting the Plaintiffs to file this adversary proceeding. (ECF No. 136). The Court predicated its decision on three specific areas where it was not entirely clear whether Plaintiffs had notice before the time to object had elapsed. These include: (1) the Debtor's employment status, (2) Canape's failure to disclose his wife had also filed a

---

[3] As previously noted, the last day for Samp to object to the issuance of the Defendant's discharge and/or dischargeability was June 1, 2020. Samp indicated it was his "understanding . . . that the deadline for all parties to object had been extended to February 24, 2021." (ECF No. 110 at 6). Plaintiffs were incorrect. The UST, the Trustee and the Debtor were the only parties to the various stipulations which ultimately extended the deadline to February 24, 2021.

separate bankruptcy proceeding and (3) the Debtor's failure to list certain assets and/or transfers as evidenced by various versions of the Debtor's tax returns. *Id*. However, this Court specifically cautioned:

> [T]he Court does not conclude that the facts alleged by [the creditor] are true or that [the debtor] will be denied a discharge as a result. Those facts will bear out in discovery and at trial, if necessary. Rather, the Court today simply concludes that [a basis] exists to extend the deadline for [the creditor] to file an objection to discharge complaint, based on newly discovered facts.

*Id.* at 9 (citing *In re Bressler*, 601 B.R. 318, 333 (Bankr. S.D.N.Y. 2019) (citation omitted)).

On April 11, 2022, the Plaintiffs commenced this adversary proceeding with five causes of action brought under § 727(a)(2)–(4) & (7). (AP No. 1 at 14–16). The Court held a trial regarding the merits of the complaint on August 14 and 15, 2023. (AP Nos. 56–63). Transcripts of the trial proceedings were made available on October 2, 2023. (AP Nos. 68–69). The Court entered a briefing order setting the deadlines for the filing of post-trial briefs and replies. (AP No. 72). The parties submitted their post-trial briefs on November 21, 2023, and their replies on December 15, 2023, at which point the matter became fully submitted. (AP Nos. 73–76).

As part of the post-trial submissions, the Plaintiffs and Defendant stipulated to the following facts:

> On February 25, 2020, Canape filed a Chapter 7 petition. (ECF No. 1). Canape's meeting of creditors was held on May 5, 2020 (ECF No. 36).
>
> Plaintiffs' representative attended Canape's May 5, 2020 meeting of creditors. In his bankruptcy filing, Canape listed the debt owed to Samp.
>
> In response to question four (4) of the petition, the Defendant listed Alpha Insurance, LLC as the only business name used by him in the last eight (8) years.
>
> In response to question ten (10) of the petition, Canape stated there was no bankruptcy case pending by his spouse. The Defendant's spouse filed a bankruptcy proceeding on January 31, 2020, which was designated case number 20-10152. Defendant was aware that there was a pending bankruptcy case by his spouse when Defendant executed and filed his petition.

-4-

>Plaintiffs received notice of Canape's spouse, Deborah Canape's, bankruptcy filing. Plaintiffs appeared in Canape's spouse, Deborah Canape, bankruptcy case on March 4, 2020 (20-10152, ECF No. 13).
>
>In response to question nineteen (19) contained in "Schedule A/B: Property," the Defendant stated he had an ownership interest in Alpha Insurance, LLC and Canape Enterprises, LLC.
>
>In "Schedule I: Your Income," the Defendant represented he was not employed and did not list any income for himself.
>
>At the May 5, 2020 meeting of creditors, Canape disclosed a correction to the income on Schedule I. In "Schedule J: Your Expenses," Canape indicated "The rental or home expense of your residence" was a mortgage payment of $ 1,737.00 per month. In "Schedule J: Your Expenses,
>
>Question 24, Canape discloses "Debtor's parents have been assisting Debtor to cover family living expenses."
>
>Question twenty-seven (27) of the "Statement of Financial Affairs for Individual Filing for Bankruptcy" asks, "[w]ithin 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?" The Defendant listed Alpha Insurance, LLC.
>
>On November 20, 2020, Trustee Paul A. Levine commenced a Rule 2004 examination ("2004 exam") of the Defendant, which was continued and concluded on January 8, 2021. (ECF No. 94, Hrg. at 00:49). Canape did not review or sign the transcript of the deposition prior to this date.
>
>On Wednesday, November 12, 2014, Defendant sent an e-mail to Plaintiff Daniel Samp stating that Defendant had " 100% equity in [Defendant's] book." On April 27, 2018, Defendant executed a Quitclaim Deed on behalf of Canape Insurance Agencies Group, Inc., conveying the 60 Prospect Street, Amsterdam, New York property to M.S.C.C. LLC.

(AP No. 53).


**ARGUMENTS**

The Debtor argues the Plaintiffs were aware of all omissions and inconsistencies in the Defendant's bankruptcy petition well before the time to object to discharge had expired. Thus, the Debtor avers this adversary proceeding should be dismissed as untimely. Moreover, the Defendant

insists Plaintiffs are prohibited from bringing claims against him which fall outside the scope of this Court's prior decision.

The Plaintiffs argue several pieces of information were only uncovered when the Trustee completed his 2004 examination of the Debtor in January 2021. Therefore, according to Samp, all matters regarding the propriety of the Debtor receiving a discharge should be reviewed by this Court.

## DISCUSSION

### A. FRBP 4004(b)(2)

The Debtor argues Plaintiffs are prohibited from bringing claims against him which fall outside the scope of this Court's prior decision. FRBP 4004(b)(2) states that a party may extend the time to object to discharge if "the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code . . . ." Fed. R. Bankr. P. 4004(b)(2). Thus, the objection to discharge must be brought under the ambit of § 727(d).

The first and fifth causes of action in the Plaintiffs' adversary complaint are specifically brought under § 727(a)(2) & (7). The second, third and fourth causes of action appear to rely upon § 727(a)(2)–(4). (AP No. 1 at 14–16). Case law is clear that a court may treat a complaint as having been brought under the correct statute based upon the factual allegations made therein. "The failure of a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n. 5 (2d Cir. 1988); *see Velez v. Sanchez*, 693 F.3d 308, 324 (2d Cir. 2012) (quoting *Albert*). As such, the Court must determine whether the facts alleged in the Plaintiffs' complaint give rise to a cause of action under § 727(d).

**B. 11 U.S.C. 727(d)**

Section 727(d) states, in relevant part, the Court should revoke a debtor's discharge if:

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; (3) the debtor committed an act specified in subsection (a)(6) of this section . . . .

11 U.S.C. 727(d)(1)–(3).

For these causes of action to proceed, the allegations brought by the Plaintiffs must give rise to a claim under at least one of these prongs. This Court has already established that "§ 727(d)(1)'s 'phrase "discharge was obtained through the fraud of the debtor" has been construed to refer to the behavior that would be sufficient for the denial of discharge under § 727(a)(2)-(5).'" (ECF No. 136 at 7) (quoting *Gebhardt v. Smith (In re Smith)*, No. 15-01010, 2017 Bankr. LEXIS 905, at *17 (Bankr. S.D. Ga. Mar. 31, 2017)).

The first and second causes of action relate to the Defendant's purportedly fraudulent transfer of property and failure to keep adequate records of same. The third cause of action alleges fraudulent misstatements made by the Defendant in his bankruptcy petition and during depositions. The fourth cause of action pertains to the alleged fraudulent destruction of records and/or failure to keep adequate records from which the Defendant's financial condition could be ascertained. And the fifth cause of action asserts that the Defendant has committed acts under § 727(a)(2)–(5) in connection with an insider.

The first four causes of action all fall within the bases for denying discharge under § 727(a)(2)–(5). Therefore, each cause of action may be sufficient grounds for revocation of discharge under § 727(d)(1). However, the fifth cause of action is brought under

§ 727(a)(7). "While § 727(a)(7) can certainly be grounds to deny a discharge . . . it is not grounds to revoke it." *Thompson v. Thompson*, 561 B.R. 581, 596 (Bankr. N.D. Ga. 2016). As such, the fifth cause of action does not give rise to a claim under § 727(d).

For the reasons stated herein, the Court shall treat first, second, third and fourth causes of action as having been brought under § 727(d)(1) and will conduct its analysis accordingly. The fifth cause of action is hereby dismissed.

C. **Revocation of Discharge**

Bankruptcy Code "[s]ection 727(d)(1) 'requires that (1) the debtor obtained a discharge through fraud, and (2) the movant did not know of the fraud predischarge.'" *Saviano v. Tylee (In re Tylee)*, 512 B.R. 409, 415 (Bankr. E.D.N.Y. 2014).

Under § 727(d)(1), the movant must show that they did not know of the fraud until after the granting of the discharge. "Courts have interpreted that subsection to mean that a moving party had no actual knowledge of the fraud and also no knowledge of facts that indicate a possible fraud prior to discharge." *In re Bressler*, 601 B.R. at 331 (Bankr. S.D.N.Y. 2019) (citation omitted). This Court has previously held:

> As regards the second element of § 727(d)(1), the Trustee must establish that he neither knew, nor had reason to know, of the fraud prior to the granting of Debtor's discharge. If a party "has knowledge of a possible fraud, the burden is on that party to diligently investigate any possible fraudulent conduct before discharge. If the party waits until after discharge, that party risks dismissal of its § 727(d)(1) action.

*In re Nandalall*, 434 B.R. 258, 268 (Bankr. N.D.N.Y. 2010) (internal citations omitted). The Defendant argues the Plaintiffs were aware of all contested issues well before the objection to discharge deadline had passed. (AP No. 74). The Debtor contends all omissions and inaccuracies in his bankruptcy were addressed and known by the Plaintiffs at the time of the § 341 meeting held

on May 5, 2020. (AP No. 74 at 5). The parties have stipulated that the Plaintiffs' attorney attended that meeting. (AP No. 48).

1. **Ownership Interests**

The Defendant points to the parties' stipulation which clearly indicates the Plaintiffs provided the Defendant's tax returns to the Trustee on May 22, 2020. The tax returns identified the Defendant's ownership interest in Canape Insurance Agencies Group, Inc. (AP No. 74 at 4) (citing AP No. 69 at 4, lines 15–17). Next, Canape points out that Samp had requested information regarding Canape Enterprises, LLC, Alpha Insurance, LLC, and Canape Insurance Group as part of an arbitration proceeding which concluded before the Debtor filed his petition. (AP No. 74). The arbitration award lists Canape Enterprises, LLC along with Alpha Insurance. (POC 1-1 at 2). The arbitration award is dated October 2018 which is prior to the Debtor's bankruptcy filing in 2020. Finally, the Defendant argues that his ownership interest in Canape Enterprises, LLC was listed on his bankruptcy petition and that the Plaintiffs were aware of same. (AP No. 74 at 5; ECF No. 1 at 11).

This Court agrees with the Debtor's analysis. This Court has previously noted:

> If a creditor has knowledge of a possible fraud, the burden is on that party to diligently investigate any possible fraudulent conduct before discharge. . . . A party requesting revocation has the burden of proving the lack of knowledge of the fraud before discharge and failure to carry this burden is fatal to the party's case.

*In re Natalie*, Adv. P. No. 04-90007, 2005 Bankr. LEXIS 3556, at *8 (Bankr. N.D.N.Y. March 29, 2005). Samp clearly knew the Debtor had ownership interests in these businesses before this bankruptcy proceeding was commenced.

2. **Defendant's Employment**

The Debtor's Schedule I indicates he was unemployed at the time of filing and lists $0.00 in monthly income. (ECF No. 1 at 34). However, at the § 341 meeting the Defendant admitted that

his father would regularly provide him with a check as a form of weekly "allowance." (AP No. 68 at 139–40). The Defendant also admitted he would assist his father with the latter's insurance business once or twice a week. (AP No. 19-2 at 12). It is not clear whether the weekly funds were compensation for the work the Debtor conducted for his father's business. However, the Plaintiffs had the relevant information to bring forth the problems with the Debtor's petition on or before May 5, 2020; they simply failed to do so.

The Court notes the Plaintiffs specifically asked the Defendant about another source of income during the § 341 meeting: officiating basketball games. *Id.* at 31. The compensation for this work was nominal; the Defendant estimated that he received approximately $78.00 per game and officiated approximately 20 games. *Id.* at 31. However, this information was clearly omitted from the Defendant's Schedule I and, along with the other inconsistencies, should have indicated to the Plaintiffs that the petition was inaccurate.

3. **Family Support**

The Debtor's Schedule I does not indicate the Defendant was receiving any family support. (ECF No. 1 at 35). However, the Defendant did note in Schedule J that his parents had been assisting him in covering family living expenses. *Id.* at 38. At the § 341 meeting, the Defendant advised the Trustee there was an error in Schedule I which failed to include Defendant's family support and the schedules would be amended.[4] (AP No. 68 at 136, lines 7–11). This remark is buttressed by the stipulated fact "[a]t the May 5, 2020 meeting of creditors, Canape disclosed a correction to the income on Schedule I." (AP No. 48 at 2). Therefore, as with the other disparities, this inconsistency was known before the expiration of the time to object to discharge.

---

[4] The Court notes the Defendant never amended his bankruptcy petition or schedules to remedy the mistakes made and admitted to at the § 341 hearing.

-10-

4. **Spouse's Bankruptcy Filing**

The Defendant's voluntary petition claims there were no pending or imminent bankruptcy cases filed by his spouse. (ECF No. 1 at 3). However, the Debtor's wife had filed for bankruptcy protection *before* the Defendant filed his petition. *See* Case No. 20-10152. The parties stipulated the Plaintiffs knew of the Debtor's wife's bankruptcy filing. According to the stipulation, Plaintiffs not only received notice of the filing but also appeared at her § 341 meeting of creditors on March 4, 2020. (AP No. 48 at 2). Therefore, Samp was aware of this omission since the inception of the Defendant's bankruptcy proceeding.

5. **Defendant's Mortgage**

At the evidentiary hearing, the Defendant credibly testified he advised the Trustee and Samp at his § 341 meeting that his father was helping him make his mortgage payments (AP No. 68 at 153, lines 6–9). This contention is not disputed and therefore, this Court finds the Plaintiffs had knowledge of this misstatement since the Debtor's §341 meeting.

## CONCLUSION

This Court is troubled by the egregious misstatements, inaccuracies and omissions that permeate the Debtor's bankruptcy petition and schedules. However, the Bankruptcy Code provides redress with a clear timeline for raising such objections. The Second Circuit is clear:

> Even though deadlines may lead to harsh results in particular cases, their observance by the bankruptcy bar and their enforcement by courts lead to the salutary result of bringing finality to bankruptcy proceedings. *Id*. at 644; *see also Canganelli v. Lake County Indiana Dep't of Pub. Welfare (In Re Canganelli)*, 132 Bankr. 369, 383 (Bankr. N.D. Ind. 1991) (collecting cases stating that the time limit in Bankr. R. 4004 is strictly construed); *Austin Farm Ctr., Inc. v. Harrison (In Re Harrison)*, 71 Bankr. 457, 459 (Bankr. D. Minn. 1987) (equities in a discharge adversary proceeding provide no basis for ignoring 60-day limitations period).

> The interest of finality, advanced by the deadline, furthers an important policy goal in bankruptcy law, that is, that a debtor should obtain a fresh start in life and an opportunity to move ahead free of financial distress as quickly as possible. *See Lines v. Frederick*, 400 U.S. 18, 19, 27 L. Ed. 2d 124, 91 S. Ct. 113 (1970) (per curiam).

*State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996).

The Court has great concerns regarding the Debtor's veracity. Nevertheless, he will receive his discharge because no timely objection was filed. The Plaintiffs laid out numerous reasons the Debtor's discharge should be withheld. However, they were brought before the Court long after the time to object to discharge had expired. For these reasons it is hereby:

**ORDERED**, this adversary proceeding is dismissed in its entirety as untimely; and it is further

**ORDERED**, that the Clerk's Office is directed to grant the Debtor's discharge in due course if the Debtor has met all other requirements for entry of same.

Dated: August 30, 2024
Albany, New York

                                                  /s/ Hon. Robert E. Littlefield, Jr.
                                                  United States Bankruptcy Judge